IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:26-cv-81463

OTTO ARCHIVE, LLC,

Plaintiff,

v.

BRIGHT MOUNTAIN MEDIA, INC. d/b/a CAFEMOM, d/b/a LITTLETHINGS, d/b/a MAMASLATINAS,

Defendant.

---

# COMPLAINT

Plaintiff OTTO Archive, LLC ("Plaintiff") sues defendant Bright Mountain Media, Inc. d/b/a CafeMom, d/b/a LittleThings, d/b/a MamasLatinas ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York County, New York.

2. Defendant is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 6400 Congress Avenue, Suite #2050, Boca Raton, FL 33487. Defendant's agent for service of process is Corporation Service Company, 1201 Hayes Street, Tallahassee, FL 32301.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained

sufficient minimum contacts with this State such that the exercise of personal jurisdiction over it would not offend traditional notions of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I. Plaintiff's Business and History

6. Plaintiff is a global photography distribution network representing over 30 master contemporary photographers. Plaintiff licenses design, architectural and interior imagery of preeminent architects and designers. Its collection also features unique locations, landscapes, and industrial images.

7. With an unparalleled focus on customer focus and premiere imagery, Plaintiff's commitment to clients and photographers sets it apart from other agencies.

8. Plaintiff provides the environment, business sensibilities, and experience within syndication that its clients seek as an alternative to traditional corporate agencies.

9. Plaintiff maintains a commercial website (https://www.ottoarchive.com/) which describes the photography services offered by Plaintiff, offers a list of the photographers it

represents including a sample of some of their imagery, and invites prospective customers to contact Plaintiff to arrange for licensing.

## II. The Work at Issue in this Lawsuit

9. William Waldron and Bjorn Wallander are some of the many renowned photographers represented by Plaintiff.

10. William Waldron is a professional photographer who resides in New York City and the Hudson Valley. He has been a passionate photographer since childhood and spent his spare time in a basement darkroom. Mr. Waldron was educated at the University of Minnesota and the Brooks Institute of Photography in Santa Barbara, California. He moved to New York in 1981 determined to work for the legendary photographer Art Kane. After some years working as a photo assistant in New York, in 1985 he traveled to northern Mexico and photographed both Tarahumara Indians and the Mennonites of Chihuahua. Returning to New York with a determination to earn a living taking photographs, his pictures began to draw assignments from influential magazines and commercial clients in the United States and Europe. Cultivating a keen interest in interior spaces, Mr. Waldron became an internationally known interiors photographer. His work regularly appears in magazines such as *Elle Decor, Architectural Digest, Vogue, The New York Times, and Vanity Fair* amongst many others. Mr. Waldron's personal work is largely concerned with the vernacular forms of the inhabited landscape, and the inherently sensuous nature of quietude. His photographs often contemplate the quiet and occasionally lonely spaces of introspection and illustrate his idea that the height of beauty invariably contains a hint of melancholy. Mr. Waldron's work is in numerous private and corporate collections.

11. Bjorn Wallander dedicates much of his craft to portrait and interior photography, and over the last decade has contributed to publications including *Architectural Digest*, *Elle*


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

*Décor*, *Harper's Bazaar*, *WSJ Magazine*, *Vogue Brazil*, *Casa Vogue*, *Man of the World*, *Departures*, *Veranda*, *Martha Stewart*, *Oprah*, *House Beautiful*, *New York Magazine*, *Flaunt*, *Dwell*, and *Real Simple*. He has also shot for Ralph Lauren, American Express, Tribeca Film Festival, Thompson Hotels, Shelborne Hotel, Wedgwood, Infiniti and Pottery Barn. His work can be viewed on his professional website (at https://www.bjornwallander.com/).

12. Mr. Waldron created two (2) professional photographs. The first photograph is of Marc Anthony and Shannon de Lima and is titled "OT247831" (the "First Photograph"). The second photo is of Marc Anthony's Compound in the Dominican Republic and is titled "OT247755" (the "Second Photograph").

13. Mr. Waldron created nine (9) professional photographs of Alex Rodriguez 's home (with Plaintiff's internal reference names being "OT1252395" (the "Third Photograph"), "OT1252401" (the "Fourth Photograph"), "OT1252417" (the "Fifth Photograph"), "OT1252391" (the "Sixth Photograph"), "OT1252413" (the "Seventh Photograph"), "OT1252399" (the "Eighth"), "OT1252392" (the "Ninth Photograph"), "OT1252408" (the "Tenth Photograph"); and "OT1252402" (the "Eleventh Photograph")).

14. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, and the Eleventh Photograph are collectively referred to herein as the "Work."

15. Mr. Waldron is the owner of the First Photograph and the Second Photograph and has remained the owner at all times material hereto.

16. Mr. Wallander is the owner of the Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, and Eleventh Photograph and has remained the owner at all times material

hereto.

17. Attached hereto as **Exhibit "A"** is a spreadsheet which identifies each photograph comprising the Work, the corresponding U.S. Copyright Office registration number for such photograph, and one or more screenshots of the alleged infringement of such photograph.

18. Each photograph comprising the Work was registered by its respective photographer/owner with the Register of Copyrights and was assigned a registration number thereby. True and correct copies of the Certificates of Registration pertaining to the Work are attached hereto as **Exhibit "B."**

19. For all times relevant to this action, Plaintiff and the above-named photographers were parties to one or more written agreements whereby such above-named photographer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

## III. Defendant's Unlawful Activities

20. Defendant owns and operates a digital publishing and media company through brands including CafeMom, LittleThings, and MamásLatinas, providing articles, news, advice, entertainment, and other digital content located in Boca Raton, Florida.

21. Defendant advertises/markets its business through its websites (https://wildskymedia.com/, https://cafemom.com/, https://mamaslatinas.com/, and https://littlethings.com/), social media (e.g., https://www.linkedin.com/company/the-bright/,


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

https://www.linkedin.com/company/wild-sky-media/, https://www.facebook.com/ilovebeingamomcafemom/, https://www.facebook.com/momdotcomofficial, https://www.facebook.com/mamaslatinas, https://www.facebook.com/littlethingscom, https://x.com/cafemom, https://x.com/Momdotcom, https://x.com/MamasLatinasUSA, https://x.com/littlethingsusa, https://www.pinterest.com/cafemom/, https://www.pinterest.com/momdotcomofficial/, https://www.pinterest.com/mamaslatinas/, https://www.pinterest.com/littlethingscom/, https://www.instagram.com/cafemomofficial, https://www.instagram.com/momdotcom/, https://www.instagram.com/mamaslatinas, https://www.instagram.com/littlethingsusa, https://www.youtube.com/@CafeMomStudios, https://www.youtube.com/channel/UC030WRHQCV3ZG5GZdjUCRbw, https://www.youtube.com/user/MamasLatinasChannel, and https://www.youtube.com/channel/UCUlu-lrertnjTW2WE3s_NXw), and other forms of advertising.

22. On multiple dates after the above-referenced copyright registration of the Work, Defendant displayed and/or published the Work on its website, webpage, social media, and/or printed media as a means of advertising, promoting, and/or marketing its business.

23. A true and correct copy of screenshots of Defendant's website, webpage, social media, and/or printed media, displaying the copyrighted Work, is included in Exhibit "A" hereto.

24. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with Defendant's website, webpage, social media, and/or printed media – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

intended for public use.

25. Defendant utilized the Work for commercial use.

26. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

27. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendant's unauthorized use/display of the Work on October 29, 2023. Following such discovery, Plaintiff notified Defendant in writing of such unauthorized use.

28. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**

29. Plaintiff re-alleges and incorporates paragraphs 1 through 28 as set forth above.

30. Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

31. Mr. Waldron owns a valid copyright in the First Photograph, and Second Photograph, having registered such photographs with the Register of Copyrights.

32. Mr. Wallander owns a valid copyright in the Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, and the Eleventh Photograph, having registered such photographs with the Register of Copyrights.

33. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed the above-


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

described exclusive rights to reproduce and distribute the Work by the subject photographers).

34. As a result of Plaintiff's reproduction, distribution, and public display of the Work, Defendant had access to the Work prior to its own reproduction, distribution, and public display of the Work on Defendant's website, webpage, social media, and/or printed media.

35. Defendant reproduced, distributed, and/or publicly displayed the Work without authorization from Plaintiff.

36. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

37. Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("© 2026 Wild Sky Media. All rights reserved"), indicating that Defendant understands the importance of copyright protection/intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.' By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage; John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's

Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation….”). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

38. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

39. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Work, which amounts shall be proven at trial.

40. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

41. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

42. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising


COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

Dated: October 27, 2026.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com

By: /s/ Daniel DeSouza
Daniel DeSouza, Esq.